JAMES MURRAY et al., Individually and as Members of Milk Drivers and Dairy Employees Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, on Behalf of Themselves and in Behalf of All Other Members of Milk Drivers and Dairy Employees Local 584, I. B. T. C. W. and H. of A., Similarly Situated, Respondents, and HARRY MATINSKY et al., Intervenors-Respondents, v. JOHN KELLY, Individually and as President of Milk Drivers and Dairy Employees Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, et al., Appellants. JACK ZIPKIN et al., Individually and as Members of Milk Drivers and Dairy Employees Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, on Behalf of Themselves and in Behalf of All Other Members of Said Local 584 Similarly Situated, Respondents, and JOHN CUNNINGHAM et al., Intervenors-Respondents, v. DAVID KAPLAN, Individually and as Trustee of Milk Drivers and Dairy Employees Local 584, I. B. T. C. W. and H. of A., et al., Appellants.—

Concur — Botein, P. J., Rabin, Valente and Bastow, JJ.; Breitel, J., dissents in part in following memorandum: I am constrained to dissent, although I quite agree with the court that it is not essential, in a class action such as this, that the applicants prove the creation of a fund in order to justify the allowance of counsel fees. While it would suffice to justify such an allowance if various benefits were conferred upon the members of the local union by reason of the elimination of various abuses, it must be demonstrable that such benefits were the proximate results of plaintiffs' efforts. Moreover, such benefits must be translatable, even if indirectly, into pecuniary or other economic benefits for the members of the local union. The record in this case does not establish that plaintiffs' efforts proximately caused the various improvements or changes in union practice. Although the improvements and changes shown do approximate those which plaintiffs sought by their complaints, the time lag and intervening circumstances render the causal relationship doubtful. Even more, the record does not show that the improvements and changes in union procedures would result in any economic benefit to the members of the local union except in an attenuated relationship. Perhaps the greatest difficulty is that plaintiffs actually never achieved any litigation success, and even the final closing of the actions was in the form of absolute discontinuances. It is not enough to justify allowances merely to show that the inevitable pressure of litigation, not shown

to have been justifiably initiated, may have produced changes subsequent in time. For reasons that do not need elaboration, it is perilous in this area to grant allowances unless substantial relationship to benefit is established by substantial evidence. Courts should not sit to reward the ostensible victor (let alone one who is not) of an internal union dispute without convincing demonstration that judicial interference in such dispute was warranted. No such demonstration was made in this case, and, indeed, the merits and the good faith of the respective parties were neither litigated nor conceded. Accordingly, I dissent in part and vote to modify the judgment to eliminate from it all the allowances by way of counsel fees and the disbursements allowed therewith and vote otherwise to affirm the judgment.

[3826] Order entered on February 24, 1961, granting plaintiffs' and plaintiffs-intervenors' motion for the appointment of a Referee to hear and report on their application for additional counsel fees, unanimously reversed, on the law and on the facts, and the motion denied, without costs. The additional fees sought to be recovered on behalf of plaintiffs' attorneys were allegedly earned during the period following the designation of the Referee and during the holding of the protracted hearings before said Referee. These hearings, however, were devoted almost exclusively to the reception of evidence on the value of the services rendered by counsel for plaintiffs and plaintiffs-intervenors. Such evidence as related to the uncontested issue of the fairness and adequacy of the proposed disposition of the representative suits provided necessary historical background for the evaluation of counsel fees; and also bore upon the benefits achieved by the litigation that would justify an award of counsel fees. Concur — Botein, P. J., Breitel, Rabin, Valente and Bastow, JJ.